# United States District Court
## Middle District of Tennessee

---

**Katheryn M. Beasley**
*Deputy Clerk, Criminal Cases*

Office of the Clerk
800 United States Courthouse
Nashville, Tennessee 37203
(615) 736-7396

*E-Mail: Katheryn_Beasley@tnmd.uscourts.gov*
*Web Site: www.tnmd.uscourts.gov*

**FILED**
12-19-07
DEC 1 9 2007

**MICHAEL W. DOBBINS**
**CLERK, U.S. DISTRICT COURT**

December 17, 2007

United States District Court Clerk
219 South Dearborn Street
Chicago, IL   60604


RE:   TRANSFER OF JURISDICTION
      USA v. MARTIN O'SHIELD
      Northern District of Illinois Case No.:    07 CR 820
      Middle District of Tennessee Criminal Case No.:   3:06-00118


Dear Clerk:

   As your Court has accepted jurisdiction over the above-named defendant, enclosed are certified copies of pertinent documents. If additional documents are needed, please contact me.


                                Yours truly,

                                */s/ Katheryn M. Beasley*

                                Katheryn M. Beasley
                                Criminal Docketing Clerk


Enclosures

cc:   U.S. Marshal Service
      U.S. Probation Office
      Financial Litigation, USA's Office

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE

ATTEST AND CERTIFY,
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee
By: *Kathryn Beasley*
Deputy Clerk

## JUDGMENT IN A CRIMINAL CASE
(For Offenses Committed On or After November 1, 1987)

UNITED STATES OF AMERICA

V.

MARTIN O'SHIELD

CASE #: 3:06-00118
USM #: 00310-424

R. DAVID BAKER, ESQ.
DEFENDANT'S ATTORNEY

**THE DEFENDANT:**

[x] pleaded guilty to count 1 of the Indictment.

Accordingly, the Court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 USC 1029(a)(2), (b)(1) and (c) | Trafficking in unauthorized access devices | March 2006 | 1 |

The defendant is sentenced as provided in this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS FURTHER ORDERED** that the defendant shall notify the United States District Court and the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the Court and the United States Attorney of material changes in economic circumstances.

April 30, 2007
Date of Imposition of Judgment

Signature of Judge

Aleta A. Trauger, U.S. District Judge
Name & Title of Judge

Date: 5/2/2007

DEFENDANT: MARTIN O'SHIELD
CASE NUMBER: 3:06-00118

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 20 months.

The defendant was advised of his right to appeal.

The Court makes the following recommendations to the Bureau of Prisons:
1. That the defendant be placed in a federal facility close to Chicago, Illinois.
2. That the defendant receive mental health treatment and/or counseling.


[x] The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____,

with a certified copy of this judgment.

    _____
    United States Marshal

    By_____
    Deputy Marshal

DEFENDANT: MARTIN O'SHIELD
CASE NUMBER: 3:06-00118

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.
The defendant shall not commit another federal, state, or local crime.
The defendant shall not illegally possess a controlled substance.
The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as directed by the Court.

- [ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)
- [x] The defendant shall not possess a firearm, destructive device, or any dangerous weapon. (Check, if applicable.)
- [x] The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works or is a student, as directed by the probation officer. (Check, if applicable.)
- [ ] The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (as set forth below). The defendant shall also comply with any additional, special conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;

2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4) the defendant shall support his or her dependents and meet other family responsibilities;

5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;

6) the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;

7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13) as directed by the probation officer, the defendant shall notify third parties of risks that may by occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement;

DEFENDANT: MARTIN O'SHIELD
CASE NUMBER: 3:06-00118

## SUPERVISED RELEASE

## SPECIAL CONDITIONS

1. The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.

2. The defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the U.S. Probation Office upon request.

3. The defendant shall not possess or use a computer or any device with access to any "on-line computer service" at any location (including place of employment) without the prior written approval of the U.S. Probation Office. This includes any Internet service provider, bulletin board system, or any other public or private network or email system.

4. The defendant shall maintain verifiable employment subject to the approval of the United States Probation Office and provide any documentation requested by the United States Probation Office.

5. The defendant shall not be employed where he has access to credit card, personal identification, or other financial information.

6. The defendant is prohibited from owning, carrying or possessing firearms, destructive devices or other dangerous weapons

7. The defendant shall cooperate in the collection of DNA as directed by the U.S. Probation Office.

DEFENDANT: MARTIN O'SHIELD
CASE NUMBER: 3:06-00118

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties in accordance with the Schedule of Payments set forth in this judgment.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 100.00 | $ | $ |

[] The determination of restitution is deferred until. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[] The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximate proportioned payment, unless specified otherwise in the priority order or percentage column below. However, pursuant to 18 U.S.C. § 3664(I), all non-federal victims must be paid in full before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or % |
|---|---|---|---|
| Totals: | $ | $ | |
| [] Restitution amount ordered pursuant to plea agreement | | $ | |

[] The defendant must pay interest on any fine or restitution of more than $ 2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments may be subject to penalties for default and delinquency, pursuant to 18 U.S.C. § 3612(g).

[] The court has determined that the defendant does not have the ability to pay interest and it is ordered that:

[] The interest requirement is waived.
[] The interest requirement is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: MARTIN O'SHIELD

CASE NUMBER: 3:06-00118

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A     [x] Lump sum payment of $100.00 due immediately, balance due
        [] not later than _____, or
        [] in accordance with C, D, E, or F; or

B     [] Payment to begin immediately (may be combined with C, D, or F); or

C     [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D     [] Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E     [] Payment during the term of supervised release will commence within _____ (e.g, 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F     [] Special instructions regarding the payment of criminal monetary penalties:

**Unless the court has expressly ordered otherwise, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program are to be made payable to the Clerk, U.S. District Court, located at 800 U.S. Courthouse, 801 Broadway, Nashville, TN 37203.**

**The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.**

[] Joint and Several
        Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

[] The defendant shall pay the cost of prosecution.

[] The defendant shall pay the following court cost(s):

[] The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest; (6) community restitution; (7) penalties, and (8) costs, including cost of prosecution and court costs.

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ATTEST AND CERTIFY
A TRUE COPY
Clerk
U. S. District Court
Middle District of Tennessee

By: *Kathryn Beasley*
Deputy Clerk

UNITED STATES OF AMERICA )
)
v. ) No. 3:06-00118
) JUDGE TRAUGER
MARTIN O'SHIELD )

### PETITION TO ENTER A PLEA OF GUILTY

I, Martin O'Shield, respectfully represent to the Court as follows:

(1) My true full name is Martin O'Shield. I was born in September 1969 and I am 27 years old and completed twelve years of formal education.

(2) My appointed lawyer is R. David Baker.

(3) I have received a copy of the indictment before being called upon to plead and have read and discussed it with my lawyer, and believe and feel that I understand every accusation made against me in the indictment.

(4) I have had sufficient opportunity to discuss with my lawyer the facts and surrounding circumstances concerning the matters mentioned in the indictment. My lawyer has counseled and advised with me as to the nature and cause of every accusation against me. We have thoroughly discussed the government's case against me and my potential defenses to the government's case. My lawyer has explained each element of the crime charged to me and what the government would offer to prove these elements beyond a reasonable doubt.

(5) I understand that the statutory penalty for each of the offenses with which I am charged is:
   i. not more than ten (10) years imprisonment,
   ii. a fine of up to $ 250,000,
   iv. a mandatory $100 special assessment, and
   v. a term of supervised release of not more than three (3) years in addition to such term of imprisonment.

(6) I have been advised that I will be sentenced to a sentence sufficient but not greater than necessary to satisfy the goals of sentencing specified in 18 U.S.C. § 3553(a). One consideration will be Guidelines established by the United States Sentencing Commission. I understand that these Guidelines are advisory, but that the Court must take account of the Guidelines together with other sentencing goals. My lawyer and I have discussed the calculation of the Guidelines in my case. My lawyer has given me an estimate of the Guidelines range that may apply in my case. I realize that this is simply my lawyer's estimate. I understand that my advisory Guideline range will be calculated by the United States Probation Officer who prepares the presentence report in my case. This estimation is subject to challenge by either me or the government, unless prohibited by a plea agreement. The final Guideline calculation will be made by the Court. I further understand that I may be sentenced to a fine to be calculated

through the Guidelines. No fine will be imposed if the Judge finds me unable to pay any fine. Considered in this fine may be the amount of financial loss to the victim or gain to me as well as the costs of any confinement or probation supervision. The Court may also order that restitution be made to any victim of the offense. If I am convicted of any offense specified in 18 U.S.C. § 3663A(c), or as otherwise required by law, restitution is mandatory. I have a right to a review of my sentence by the United States Court of Appeals for the Sixth Circuit unless waived in the plea agreement.

(7) I understand that I am not eligible for a sentence of probation if I receive any sentence of imprisonment or am convicted of a Class A or Class B felony punishable by twenty or more years imprisonment. I have been informed that under the present federal sentencing system there is no parole. I will receive only 54 days good time credit per year and it will not vest until the end of each year. I further understand that if I am sentenced to a period of supervised release and I violate the terms of that supervised release, upon revocation I could be imprisoned again.

(8) I understand that should this plea of guilty be accepted, I will be a convicted felon in the eyes of the law for the rest of my life. This means, under present law that (a) I cannot vote in Tennessee, unless my right to vote is lawfully restored, and may not be eligible to vote in other states; (b) I cannot possess a firearm anywhere; (c) If I am presently on probation, parole, or supervised release whether state or federal, the fact that I have been convicted may be used to revoke my probation, parole or supervised release regardless of what sentence I receive on this case; (d) If I am convicted of any crime in the future, whether state or federal, this conviction may be used to increase that sentence; (e) I may have to disclose the fact that I am a convicted felon when applying for employment and such disclosure may result in my not getting some jobs and having difficulty in getting others. If I have been convicted of certain drug offenses, my conviction may result in my losing entitlement to certain federal benefits pursuant to the Anti-Drug Abuse Act of 1988. I understand that this list may not include all of the adverse consequences of my conviction in this case.

(9) I understand that I can plead "NOT GUILTY" to any or all offenses charged against me, and continue to plead "NOT GUILTY", and that if I choose to plead not guilty, the Constitution guarantees me (a) the right to a speedy and public trial by jury; (b) the right not to testify and no implication of guilt would arise by my failure to do so; (c) the right to be presumed innocent until such time, if ever, that the government proves my guilt beyond a reasonable doubt to the satisfaction of a court and jury; (d) the right to see and hear all the witnesses and to cross-examine any witness who may testify against me; (e) the right to use the power and process of the court to compel the production of any evidence, including the attendance of any witnesses, in my favor; and to testify in my own behalf if I choose to do so; (f) the right to have the assistance of counsel in my defense at all stages of the proceedings; (g) if I am convicted at such trial I have the right to appeal with a lawyer to assist me and the appeal will not cost me any money if I am indigent. I understand that if the Court accepts my plea that there will be no jury trial and that I will be convicted of the count(s) to which I plead just as if a jury found me guilty of the charge(s) following a trial. The Court may then impose sentence upon me within the limits set forth in any plea agreement stated in paragraph (13), subject to the maximum punishments set forth in paragraph (5).

(10) No officer or agent of any branch of government (federal, state or local), nor any other person, has guaranteed me what sentence I will receive. If there are any agreements between myself and my lawyer and the prosecution concerning my plea

2

they are fully set forth in paragraph (13) below. I understand that even with a plea agreement no person can bind the Judge to give any particular sentence in my case. If the Judge rejects an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) or (C) I will be offered the opportunity to withdraw my guilty plea. If the Judge rejects a recommendation made pursuant to Rule 11(c)(1)(B) I have no right to withdraw my plea. I understand that if the Judge decides to make a recommendation about where I should serve any incarceration that the recommendation is not a promise or a guarantee, but only a recommendation and is not binding on the Bureau of Prisons which will make the final decision (after I am sentenced) about where I will be incarcerated.

(11) My lawyer has done all the investigation and research in this case that I have asked him to do, and has reviewed with me the discovery material provided by the Government. I am satisfied with his representation at this point.

(12) Fully understanding my rights to plead "NOT GUILTY" and fully understanding the consequence of my plea of guilty, I wish to plead "GUILTY" and respectfully request the Court to accept my plea as follows:

Guilty to the indictment.

(13) This plea is **not** the result of a plea agreement between my lawyer and the prosecution under the provisions of Rule 11 of the Federal Rules of Criminal Procedure. I am pleading guilty to the indictment pursuant to Rule 11.

(14) I offer my plea of "GUILTY" freely and voluntarily and of my own accord; also my lawyer has explained to me, and I feel and believe I understand this petition.

(15) I am not under the influence of either drugs or alcohol.

(16) I request the Court to enter now my plea of "GUILTY" as set forth in paragraph (12) of this petition, in reliance upon my statements made in this petition.

(17) Recognizing that the Court may reserve acceptance of this plea pending the receipt of the pre-sentence report, I agree that the pre-sentence report may be disclosed to the United States Attorney, my counsel and myself, prior to the sentencing hearing.

Signed by me in open court under the penalties of perjury in the presence of my lawyer, this the 26th day of Sept., 2006.

_/s/ Martin F. O'Shield_
MARTIN O'SHIELD, Defendant

3

## ACKNOWLEDGMENT OF GOVERNMENT ATTORNEY

The maximum punishment, plea and plea agreement (if any) are accurately stated above.

SAMUEL G. WILLIAMSON
Lawyer for Government

## CERTIFICATE OF COUNSEL

The undersigned, as lawyer and counselor for Martin O'Shield, hereby certifies as follows:

(1) I have read and fully explained to Martin O'Shield all the accusations against him in this case;

(2) To the best of my knowledge and belief each statement set forth in the foregoing petition is accurate and true;

(3) In my opinion the plea of "GUILTY" as offered by Martin O'Shield in paragraph (12) of the foregoing petition, is voluntarily and understandingly made; and I recommend to the Court that the plea of "GUILTY" be accepted and entered as requested in paragraph (12) of the foregoing petition.

Signed by me in open court in the presence of Martin O'Shield this 28th day of Sept., 2006.

R. DAVID BAKER
Lawyer for the Defendant

4

## ORDER

Good cause appearing therefore from the foregoing petition of the foregoing named defendant and the certificate of his counsel and for all proceedings heretofore had in this case, it is **ORDERED** that the petition be granted and the defendant's plea of "GUILTY" be accepted and entered as prayed in the petition and as recommended in the certificate of counsel.     30th         April, 2007.

Done in open court this ____ day of _____, 2006.

*[signature]*
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

5

UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF TENNESSEE

NASHVILLE DIVISION

**FILED**
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TENN.

JUL 12 2006

DEPUTY CLERK

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:06-00118 |
| v. | ) | |
| | ) | 18 U.S.C. § 1029(a)(2), (b)(1), (c) |
| MARTIN O'SHIELD, | ) | |

# INDICTMENT

In or about March 2006, in the Middle District of Tennessee and elsewhere, **MARTIN O'SHIELD**, knowingly and with intent to defraud, trafficked in and attempted to traffic in one or more unauthorized access devices during a one year period, and by such conduct obtained anything of value aggregating $1000 or more during that period, to wit, during March 2006, **MARTIN O'SHIELD** received credit information that **O'SHIELD** believed to be unauthorized from an undercover Secret Service Agent and used that information to obtain over $1000, which conduct affected interstate commerce,

In violation of Title 18, United States Code, Section 1029(a)(2), (b)(1) and (c).

A TRUE BILL

FOREPERSON

_____
JAMES K. VINES
UNITED STATES ATTORNEY

ATTEST AND CERTIFY
**A TRUE COPY**
Clerk
U. S. District Court
Middle District of Tennessee

By: Kathryn Beasley
Deputy Clerk