```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                     EASTERN DIVISION

UNITED STATES OF AMERICA,         )
                                  )
                  Plaintiff,      )
                                  )
v.                                )   No. 07 CR 820
                                  )   Judge Lindberg
MARTIN O'SHIELD,                  )
                                  )
                  Defendant,      )
```

**DEFENDANT MARTIN O'SHIELD'S MOTION TO MODIFY
CONDITIONS OF SUPERVISED RELEASE**

**NOW COMES DEFENDANT**, Martin O'Shield, by and through his attorney, J. Clifford Greene, Jr., and moves this Court for an order modifying the conditions of defendant's supervised release. In support of this motion, the following is offered:

1.   Defendant Martin O'Shield was charged with violating Title 18 U.S.C. Section 1029 (a)(2),(b) and ( c), trafficking in Unauthorized Access Devices. Defendant pled guilty.

2.   On April 30, 2007 defendant was sentenced to a period of incarceration of 20 months in the Bureau of Prisons, followed by three (3) years supervised release, by the Honorable Aleta A. Trauger, of the U.S. District Court for the Middle District of Tennessee, Nashville Division.

3.   On or about September 10, 2007 defendant was released from incarceration, thus, his period of supervised release runs from September 10, 2007 to September 9, 2010.

4. On November 26, 2007, said Judge Trauger issued an order approving transfer of defendant's case file from the Middle District of Tennessee to the Northern District of Illinois and on December 5, 2007 the Honorable James Holderman issued an order accepting jurisdiction of defendant's supervision.

6.   Chief among the activities in which defendant is not allowed to participate, include employment where he would have access to credit cards, personal identification or other financial information; nor shall defendant possess or use a computer or any device with access to any online computer service at any location including place of employment, without the prior written approval of the probation office.  This prohibition also forbids defendant from access to any internet service provider, bulletin board system or any other public or private network or e-mail system.

7.   Pursuant to the sentencing judge's admonishment, defendant may petition the court for removal of the aforesaid supervised release conditions, however, the court cautioned that defendant should not petition the court during his first month out.

8.   Defendant has been released from incarceration nearly 5 months and has been compliant in every respect with the conditions imposed as part of his supervised release.

9.   Defendant is 38 years old and has a young daughter to support.  He has been offered employment which requires him to have access to computers, email and online service providers.  The bulk of defendant's employment experience has involved the use, repair, programming and analysis of computers, computer software and hardware components, computer systems and related technologies: in summary, from an employment perspective, working in and around computers is all he knows how do to support himself and his family.

   **WHEREFORE**, for all of the foregoing reasons, Defendant Martin O'Shield prays that this Court sees the Wisdom in granting the motion herein filed and issues an order removing the access to computers prohibition previously imposed as a condition of defendant's supervised release.

                              Respectfully submitted,

                              s/J. Clifford Greene, Jr.


**LAW OFFICE OF
J. Clifford Greene, Jr.
55 West Monroe Street
Suite 2455
Chicago, Illinois  60603
Tel: (312) 424-4002
Email: jcliffordgreene@msn.com**

Case 1:07-cr-00820 Document 3 Filed 01/30/2008 Page 4 of 4